[No. F044492. Fifth Dist. Mar. 18, 2005.]

CITY OF MODESTO, Plaintiff and Appellant, v.
NATIONAL MED, INC., et al., Defendants and Respondents.

520

## COUNSEL

Michael D. Milich, City Attorney, Roland R. Stevens, Assistant City Attorney; Howard Rice Nemerovski Canady Falk & Rabkin, Steven L. Mayer and Ethan P. Schulman for Plaintiff and Appellant.

Morrison & Foerster, Charles J. Moll III, Arturo J. Gonzalez and Pilar M. Sansone for Defendants and Respondents.

## OPINION

**LEVY, J.**—Appellant, City of Modesto (City), is requesting this court to reverse a judgment denying the City relief on its complaint to recover an alleged business license tax deficiency from respondent, National Med, Inc. (NMI). The trial court ruled that the business license tax ordinance that was operative for the tax years at issue was unconstitutional as applied to NMI because it imposed a tax on business activities occurring outside of the City.

The City has not appealed from the finding that its ordinance was unconstitutional. Rather, the City has amended its business license tax ordinance to provide for apportionment and has adopted apportionment guidelines. The City is requesting this court to remand the matter to the City's finance director (Finance Director) for a recalculation of NMI's alleged tax deficiency using the City's recently adopted apportionment guidelines.

██ However, in the context of this litigation, the City is not entitled to the remedy it seeks. The underlying complaint was filed to enforce an alleged business tax deficiency that was based on the former unconstitutional ordinance. The City concedes that the Finance Director's decision finding this additional tax liability is no longer enforceable.

Further, when the City amended its ordinance to include an apportionment provision it made a *substantive* change to this law. Under the former law, taxpayers were not entitled to apportion their gross receipts to reflect out-of-city activities. The ordinance itself specifies that *procedural* changes be applied retroactively.

Moreover, it would not be appropriate for this court to reform the prior law. The tax years at issue are 1996 to 2000, not a modest period of retroactivity. Also, it would be overly burdensome to force NMI to produce up to nine-year-old documentation that it was not previously required to maintain in order to prove "with clarity" its right to apportion gross receipts. Accordingly, the judgment will be affirmed.

## BACKGROUND

Pursuant to a 1958 ordinance, entities that conduct business within the City are required to pay a tax for that privilege. This tax is based on the entity's gross receipts, less certain specified exclusions. During the period in question, January 1996 through June 2000, the exclusions included the amount of gross receipts that had been subject to a license tax paid to any other city. However, the ordinance did not distinguish between in-city and out-of-city business activities, i.e., there was no apportionment provision.

NMI was a health maintenance organization. While the underlying proceedings were pending, NMI was headquartered in the City. However, NMI maintained branch offices in other cities throughout California. Additionally, NMI had several employees who worked from their homes and whose job responsibilities included travel around the state.

In 2000, the City hired an outside contingency fee auditor to audit NMI's tax returns for January 1996 through June 2000. Based on this audit, the City Finance Director concluded that NMI had understated the tax it owed due to making improper adjustments to the gross receipts.

An administrative "show cause" hearing was held on January 18, 2001. NMI presented evidence of its numerous business activities outside of the City and argued that the ordinance was unconstitutional because it lacked an apportionment provision to account for these outside activities.

The Finance Director issued a written decision that disallowed the adjustments NMI had made with respect to the funds that it received and then paid out to its contract health care providers. The Finance Director further concluded that the gross receipts tax was constitutional despite the absence of an express apportionment clause because it excluded receipts that were subject to other cities' taxes. Further, there was no evidence that NMI's gross receipts had been double taxed. Based on these findings, the Finance Director concluded that NMI owed the City over $1 million in unpaid taxes, delinquency penalties and fraud penalties. For the tax period at issue, NMI had already paid the City more than $465,000 in business license taxes.

NMI timely appealed the Finance Director's decision and requested a hearing before the city council (City Council). However, on August 14, 2001, before this appeal process was completed, the City filed the underlying complaint to enforce the Finance Director's decision and to recover penalties for violation of the California False Claims Act.

In August 2002, NMI moved for summary adjudication on two causes of action. NMI argued that the California False Claims Act did not apply to the filing of tax returns and that the City's business license tax was unconstitutional because it did not contain a provision for apportioning income generated outside the City.

In response to this motion, the City noted that in August 2002 it amended its business license tax ordinance to add an apportionment provision. This amendment provides that "When, by reason of the provisions of the Constitution of the United States or the Constitution of the State of California, the business license tax imposed by this chapter cannot be enforced without there being an apportionment according to the amount of business done in the City," apportionment rules shall be established by either general guidelines to be adopted by the City Council or by rules and regulations to be promulgated by the Finance Director. The amended code further states that "Any amendment to the *procedural* provisions of this chapter is intended by the City Council to retroactively affect pending matters to the fullest extent permitted by law . . . ." (Italics added.)

On October 21, 2002, the trial court granted summary adjudication in favor of NMI on the ground that the City's business license tax was unconstitutional. The court found that NMI was engaged in business outside of the City during the relevant time period. However, the ordinance did not contain an apportionment provision to exclude this outside-generated income. Although the City had recently added an apportionment clause, the court concluded that the new language did not satisfy constitutional mandates. In stating that apportionment rules would be adopted, the City did no more than "promise to adopt specific apportionment language at some unknown future date." The court further concluded that this apportionment provision was not sufficiently definite to enable taxpayers to comply with the tax and did not discourage arbitrary or discriminatory enforcement.

The court then considered the appropriate remedy. It first noted that where a tax is unconstitutional because it reaches activities beyond the government's taxing jurisdiction, a refund is proper. The court further concluded that it would be unfair to burden NMI with the responsibility of establishing the extent of its out-of-city activities "so that the City could enforce its unconstitutional tax, when the City has given its taxpayers no indication of what

records they were required to maintain to establish this constitutional right." Accordingly, the court held that the City's gross receipts tax was void and unenforceable as applied to NMI.

In September 2003, a year after the City added the apportionment provision to the gross receipts tax ordinance, the City Council enacted a resolution adopting detailed apportionment guidelines. These guidelines provide that an apportioning taxpayer may reduce its total receipts from its operation in the City by a specified range of percentages to reflect various kinds of out-of-city activities.

Under the 2003 apportionment guidelines, the taxpayer may divide its business into as many of the eight listed "economic components" that apply. These "factors" include the location where the taxpayer negotiated or solicited each sale, the location of the sales office that served as the base of operations for each sale, and the location where each service was performed. However, in order to apportion its gross receipts, the taxpayer's business records must "support with clarity the place of such outside activity and the receipts connected therewith."

With respect to their application, the guidelines provide: "These rules will apply to all future payments under the City's business license tax, as well as all claims for refund of taxes already paid, including claims that are pending on the date these rules are adopted, if one basis for the claim is the City's application of the tax to receipts arising from transactions that occur, in whole or in part, outside the City."

On August 10, 2004, after NMI's brief was filed in this appeal, the City Council amended the City's business license tax apportionment guidelines.[1] This amendment provides that the guidelines are applicable to pending claims by the City for underpayment of tax in addition to future payments and claims for refund.

The City is not appealing the superior court's determination that the business license tax was unconstitutional as applied to NMI. In fact, the City has made it clear that it has no intention of seeking to enforce the Finance Director's decision against NMI. Rather, the City asserts the issue on appeal is what remedy should be ordered for this constitutional violation. According to the City, this court should reverse the trial court's ruling and remand the matter to the City to determine NMI's tax de novo, applying the recently adopted apportionment guidelines.

---

[1] The City's request that this court take judicial notice of the City Council's August 10, 2004, resolution amending the business license tax apportionment guidelines is granted.

## DISCUSSION

■ Despite the absence of a specific "commerce clause" in the California Constitution, the requirements of equal protection and due process proscribe local taxes that operate to unfairly discriminate against intercity businesses by subjecting them to a tax that is not fairly apportioned to reflect the percentage of the business actually taking place within the taxing jurisdiction. (*City of Los Angeles v. Shell Oil Co.* (1971) 4 Cal.3d 108, 124 [93 Cal.Rptr. 1, 480 P.2d 953].) Thus, if the tax base includes *total* gross receipts arising from sales that have resulted in part from any substantial out-of-city business activity, the tax is invalid in that "it purports to reach gross receipts other than those 'directly attributable to . . . selling activities carried on in the City.' " (*Id.* at p. 126.) Such a tax violates the constitutional provisions that forbid extraterritorial application of local taxes and ensure equal protection under the law. (*Ibid.*)

■ If a city collects a business license tax on activity carried on outside of its boundaries, i.e., the tax is not apportioned, that extraterritorial tax is beyond the city's power to impose. In such a situation, no corrective action by the city can cure the invalidity of the tax. Rather, the city has no choice but to "undo" the unlawful deprivation by refunding the tax previously paid by the business on its extraterritorial activities. (*McKesson Corp. v. Florida Alcohol & Tobacco Div.* (1990) 496 U.S. 18, 39 [110 L.Ed.2d 17, 110 S.Ct. 2238].)

■ In contrast, if the tax is invalid because it operates in a discriminatory manner, i.e., similarly situated taxpayers are assessed at different tax rates, a city has several corrective options. To equalize the tax rate, the city can issue a partial refund to the disfavored parties, assess and collect back taxes from the favored parties, or combine a partial refund with a partial retroactive assessment. (*McKesson Corp. v. Florida Alcohol & Tobacco Div., supra,* 496 U.S. at pp. 39–41.)

■ In any event, if either unapportioned or discriminatory taxes are collected, the city must provide the taxpayers with "not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy,' [citation], for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." (*McKesson Corp. v. Florida Alcohol & Tobacco Div., supra,* 496 U.S. at p. 39.)

Here, the alleged tax deficiency has not been collected. Further, NMI has not filed a claim for a refund of any of the approximately $465,000 in business license taxes it has already paid. Thus the issue is not whether NMI

is due a refund but, rather, whether the City can recalculate the alleged tax deficiency based on the amended business license tax ordinance and either the 2003 or the 2004 apportionment guidelines.

In arguing that this matter must be remanded, the City asserts that the trial court granted broad relief that was unsupported by the law when it denied the City any recovery and thereby granted NMI "the equivalent of complete immunity from *any* tax for the periods in question." However, this characterization of the trial court's ruling is incorrect and misleading in the context of this action.

When the Finance Director assessed the back taxes, the applicable ordinance did not contain an apportionment provision. Thus, as conceded by the City, the ordinance was unconstitutional as applied to NMI and, accordingly, the Finance Director's decision was unenforceable. However, the underlying complaint was filed to enforce this unenforceable decision. Moreover, although the City had amended the ordinance to provide for apportionment before summary adjudication was granted, procedural apportionment guidelines did not yet exist. Without the guidelines, the deficiencies in the ordinance were not cured. Consequently, the only option available to the trial court was to rule in favor of NMI. Without a constitutional ordinance in place, the court had no reason to remand the matter to the Finance Director for a reassessment.

Following the trial court's ruling, the City adopted guidelines to implement the apportionment amendment. Thus, the issue is whether that amendment in conjunction with those guidelines can be applied retroactively to the 1996 to June 2000 tax period. As found by the trial court, in the absence of apportionment, the business license tax cannot be enforced against NMI.

1. *The language of the amended ordinance precludes its retroactive application in this case.*

In its opening brief, the City appears to assume that retroactive application of the amended ordinance is permissible. Consequently, the City's argument focuses on convincing this court that under California law the case must be remanded to the Finance Director for a recalculation of the alleged tax deficiency under the amended law.

The City asserts that in an "unbroken line of squarely analogous cases, the California Supreme Court invalidated unapportioned business license taxes, but then remanded to allow the trial courts to resolve the factual issue of what percentage of the taxpayer's gross receipts was properly attributable to income generated within and without the taxing jurisdiction." The city cites

*City of Los Angeles v. Shell Oil Co., supra,* 4 Cal.3d 108, *General Motors Corp. v. City of Los Angeles* (1971) 5 Cal.3d 229 [95 Cal.Rptr. 635, 486 P.2d 163] and *Volkswagen Pacific, Inc. v. City of Los Angeles* (1972) 7 Cal.3d 48 [101 Cal.Rptr. 869, 496 P.2d 1237]. However, these cases concerned a business license tax ordinance that required apportionment. A city clerk ruling interpreting the apportionment provision caused the constitutional violations. Since an apportionment provision was in existence during the tax years in question, retroactive application was not at issue.

█ " 'Whether a statute should apply retrospectively or only prospectively is, in the first instance, a policy question for the legislative body enacting the statute.' " (*Preston v. State Bd. of Equalization* (2001) 25 Cal.4th 197, 221–222 [105 Cal.Rptr.2d 407, 19 P.3d 1148].) Although a statute is generally presumed to operate prospectively only, when retroactive application is clearly intended, that legislative intent must be carried out unless due process considerations prevent it. (*Id.* at p. 222.)

The amended business license tax ordinance provides: "Any amendment to the *procedural* provisions of this chapter is intended by the City Council to retroactively affect pending matters to the fullest extent permitted by law, same and except that such retroactivity shall not have the affect [*sic*] of extinguishing an existing cause of action." (Italics added.)

Here, the City Council specified that the amended ordinance was to apply retroactively with respect to procedural changes but omitted any reference to substantive changes. Accordingly, it is clear the City Council intended that substantive changes be applied prospectively only.

█ The amendment adding an apportionment provision for gross receipts had the effect of modifying the tax base for certain taxpayers. A statutory change is substantive if it imposes new, additional or different liabilities based on past conduct. (*Brenton v. Metabolife International, Inc.* (2004) 116 Cal.App.4th 679, 688 [10 Cal.Rptr.3d 702].) Accordingly, the apportionment amendment is a substantive change to the tax law. Thus, by the terms of the amended ordinance itself, the City's apportionment provision applies prospectively.

As noted above, the apportionment provision directed that general guidelines for apportionment be adopted from time to time. The first guidelines, adopted in 2003, provided that these new rules would apply to all future payments as well as all pending claims for refund of taxes already paid. Since this case involves a deficiency assessment, the 2003 guidelines did not apply. However, in 2004, after NMI's brief was filed in this appeal, the City

amended the guidelines to include pending claims by the City for underpayment of tax. Thus, the 2004 guidelines attempt to cover this case. Nevertheless, the enabling ordinance applies apportionment prospectively only. The guidelines adopted pursuant to this ordinance cannot be construed to effectively change the underlying law.

## 2. *Judicial reformation is not appropriate in this case.*

■ "[A] court may reform—i.e., 'rewrite'—a statute in order to preserve it against invalidation under the Constitution, when we can say with confidence that (i) it is possible to reform the statute in a manner that closely effectuates policy judgments clearly articulated by the enacting body, and (ii) the enacting body would have preferred the reformed construction to invalidation of the statute." (*Kopp v. Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 660–661 [47 Cal.Rptr.2d 108, 905 P.2d 1248].) This way, courts steer clear of " 'judicial policymaking' in the guise of statutory reformation." (*Id.* at p. 661.)

Here, the original ordinance was adopted in 1958. Thus, it is not possible to divine the intent of that enacting body. Further, reforming the 1958 ordinance to comply with constitutional mandates requires adding a substantive change to the law. Such judicial policymaking and encroachment on the legislative function is improper. (*Ceridian Corp. v. Franchise Tax Bd.* (2000) 85 Cal.App.4th 875, 889 [102 Cal.Rptr.2d 611].)

■ It is also not appropriate to reform the amended ordinance to apply the apportionment provision and guidelines retroactively. To comply with due process, retroactive application of tax legislation must be supported by a legitimate legislative purpose furthered by rational means. (*United States v. Carlton* (1994) 512 U.S. 26, 30–31 [129 L.Ed.2d 22, 114 S.Ct. 2018].) A two-part test must be met. First, the legislative purpose cannot be either illegitimate or arbitrary. (*Id.* at p. 32.) Second, the legislative body must act promptly and establish only a modest period of retroactivity. (*Ibid.*)

In amending the business license tax ordinance, the City Council's purpose was clearly legitimate. An apportionment provision was necessary to cure the constitutional defects.

However, retroactive application of this tax legislation does not meet the second prong of the due process test. First, the City did not act promptly. NMI first claimed in February 2000 that the business license tax was unlawful because it did not apportion gross receipts. The City filed the underlying complaint in August 2001 and did not amend the ordinance until August 2002. It took the City another year to adopt the first guidelines,

which, as noted above, do not apply retroactively to the procedural situation presented by this case. It then took yet another year for the City to amend the guidelines to specifically apply retroactive apportionment to a pending claim for underpayment of tax. Considering these delays, most notably the two years required to adopt applicable guidelines, the City cannot be found to have acted promptly.

Moreover, the period of retroactivity sought by the City is not "modest." The 2004 guidelines would be applied to the 1996 through 2000 tax years, up to eight years before those guidelines were adopted. Generally in California, courts have upheld the retroactive application of tax laws only where such retroactivity was limited to the current tax year. (*Gutknecht v. City of Sausalito* (1974) 43 Cal.App.3d 269, 282 [117 Cal.Rptr. 782].) As noted by Justice O'Connor, concurring in *United States v. Carlton, supra,* 512 U.S. 26, a period of retroactivity longer than the year preceding the legislative session in which the law was enacted would raise serious constitutional issues. (*Id.* at p. 38.)

Relying on *Preston v. State Bd. of Equalization, supra,* 25 Cal.4th 197, the City argues that there would be no due process violation in applying the amendment retroactively because apportionment can only reduce NMI's tax liability. The City notes that, unlike retroactive imposition of a new tax, an increase in an existing tax rate, or the elimination of a deduction, retroactive application of a provision that does not increase a taxpayer's liability does not impair any vested property right. (*Id.* at p. 224.) According to the City, its retroactive enactment of apportionment guidelines to facilitate computation of a constitutional tax is functionally no different than a retroactive refund or credit to cure a constitutional deficiency.

However, contrary to the City's position, there is a constitutional impediment to retroactively enforcing the amendments to this previously invalid tax. As noted above, due process requires a taxing authority to provide taxpayers with a fair opportunity to challenge the accuracy and legal validity of their tax obligation and also a " 'clear and certain remedy' " for any erroneous or unlawful collection. (*McKesson Corp. v. Florida Alcohol & Tobacco Div., supra,* 496 U.S. at p. 39.) Although here the disputed tax has not yet been collected, the amended ordinance places the burden on NMI to prove which gross receipts should be excluded based on out-of-city activities. Thus, if we were to retroactively validate the tax by applying the apportionment provisions, we would be requiring NMI to produce documentation from up to nine years ago that it otherwise was never required to maintain. If NMI were unable to document its claimed out-of-city activities, the assessed deficiency would remain the same as it was under the unconstitutional tax. This is not a "clear and certain remedy" but, rather, places an unreasonable and unfair

burden on NMI. (Cf. *General Motors Corp. v. City and County of San Francisco* (1999) 69. Cal.App.4th 448, 455 [81 Cal.Rptr.2d 544].)

In sum, based on the language of the amended ordinance, it can be applied prospectively only to this substantive change in the business license tax law. Further, due process precludes reforming the amended ordinance to apply it retroactively to NMI. Therefore, the judgment will be affirmed.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Dibiaso, Acting P. J., and Buckley, J., concurred.